# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KAREN D. POWELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV414-191 |
| INTERNATIONAL PAPER, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Seeking to initiate an employment discrimination lawsuit against International Paper, doc. 1, *pro* se plaintiff Karen D. Powell moved for leave to proceed *in forma pauperis*. Doc. 3. The Court partially granted her motion and gave her, upon pain of dismissal, until September 23, 2014 to pay $100 of the filing fee. Docs. 4. She has failed to comply, so her case should be **DISMISSED** on those grounds alone.

It also should be dismissed as untimely. An action brought pursuant to Title VII must be filed within 90 days of the receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *Jackson v. Hall County Government, Georgia*, 2014 WL 2493100 at * 1 (11th Cir. June 4,

2014); *see also Brown v. Consol. Freightway*, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993) (recommending dismissal of Title VII complaint when plaintiff filed suit 91 days after receipt of EEOC right-to-sue letter); *Skipper v. BASF Corp.*, 2011 WL 1740535 at * 1 (S.D. Ga. Apr. 18, 2011) (118 days). Powell says she received her EEOC right-to-sue letter on May 14, 2014. Doc. 1 at 3. She later claims June 1, 2014. *Id.* at 6. The form complaint that she used directs her to attach a copy of that letter, *id.* at 3, yet she has failed to do so.[1] She filed her complaint here on September 3, 2014, which is 94 days after the June 1 date and 112 days from the May 14, 2014 date.

Accordingly, Karen D. Powell's complaint should be **DISMISSED WITH PREJUDICE**.[2] Her motion to appoint counsel (doc. 2) is

---

[1] Most such letters, for that matter, warn the recipient that a lawsuit must be filed within 90 days or the plaintiff's right to sue will be lost.

[2] The "receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (quotes and cite omitted); *quoted in Hill v. Board of School Com'rs of Mobile County, Ala.*, 2014 WL 1604004 at * 6 (S. D. Ala. Apr. 22, 2014). Therefore, courts should generally refrain from dismissing a Title VII action *sua sponte* on the basis of untimeliness.

However, where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted IFP leave, the court may dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an IFP plaintiff who "fails to state a claim on which relief may be granted." *Id.*; *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming *sua sponte*

**DENIED** as moot, since this case should be dismissed.

**SO REPORTED AND RECOMMENDED**, this 29th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of *sua sponte* dismissal based on statute of limitations); *Rouse v. Newark Police Dept.*, 2013 WL 1505158 at * 3 (D.N.J. Apr. 11, 2013).